UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 16-24275-CIV-MORENO**

INVERSIONES Y PROCESADORA
TROPICAL INPROTSA, S.A., a Costa Rican
Corporation,

       Petitioner,

vs.

DEL MONTE INTERNATIONAL GMBH, a
Swiss Corporation,

       Respondent.
_____/

## **ORDER GRANTING CROSS-PETITION TO CONFIRM THE ARBITRAL AWARD**

On December 6, 2016, this Court dismissed Inversiones y Procesadora Tropical INPROTSA, S.A.'s petition to vacate an Arbitral Award. INPROTSA, S.A. appealed that order to the Eleventh Circuit Court of Appeals. The Eleventh Circuit issued a limited remand requesting this Court rule on Del Monte International GmbH's cross-petition to confirm the arbitral award. The issues presented on the limited remand include whether the Court has jurisdiction, whether the cross-petition should be confirmed on the merits, and whether INPROTSA is timely raising affirmative defenses to the cross-petition. Having reviewed the issues, the Court finds there is jurisdiction over the cross-petition to confirm the arbitral award. This Court also finds INPROTSA has not overcome the presumption in favor of confirming arbitration awards and INPROTSA's arguments are untimely. Accordingly, the Court grants Del Monte's cross-petition to confirm the arbitral award.

THIS CAUSE came before the Court upon the Cross-Petition to Confirm the Arbitral Award.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the cross-petition to confirm the arbitral award is GRANTED.

## I. PROCEDURAL BACKGROUND

Petitioner, Inversiones y Procesadora Tropical INPROTSA, S.A., filed a petition to vacate an arbitral award in state court. Respondent, Del Monte International, GmbH, removed the case to this Court on October 7, 2016. Petitioner moved for remand to state court. Respondent moved to dismiss the petition to vacate the arbitral award and requested the Court confirm the arbitral award.

On December 6, 2016, the Court entered an Order dismissing the petition to vacate and denying all pending motions as moot. The Petitioner appealed and the Respondent moved for clarification as to whether the dismissal of the petition to vacate meant that the Court was confirming the arbitral award. Due to INPROTSA's Notice of Appeal, the Court denied the motion for clarification because it was divested of jurisdiction.

The Eleventh Circuit issued a Limited Remand requesting this Court decide whether to confirm the arbitration award.

## II. FACTUAL BACKGROUND

The underlying arbitration arose out of an exclusive Pineapple Sales Agreement entered between the parties in May 2001. Del Monte claimed INPROTSA breached the agreement by selling pineapples originating from Del Monte's seeds to competitors. In March 2014, Del Monte commenced the arbitration proceedings before the International Court of Arbitration of the International Chamber of Commerce as required by the Agreement's arbitration clause. On June 10, 2016, the arbitrator issued a final award in favor of Del Monte in a 48-page order. In addition to specific performance and injunctive relief, the arbitrator ordered INPROTSA to pay

2

Del Monte $26,133,000, plus pre and post-award interest, arbitral costs in the amount of $650,000 and attorney's fees in the amount of $2,507,440.54.

## III. LEGAL ANALYSIS

A. Jurisdiction

Although this case is on a limited remand to decide whether to confirm the arbitral award, the Petitioner is raising the issue of whether the federal court has subject matter jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). "Federal courts operate under a continuing obligation to inquire into the existence of subject matter jurisdiction whenever it may be lacking. That obligation continues through every stage of a case even if no party raises the issue." *RES-GA Cobblestone, LLC. v. Blake Constr. & Dev., LLC*, 718 F.3d 1308, 1313 (11th Cir. 2013).

Respondent removed this case on the basis that Section 203 of the Federal Arbitration Act provides jurisdiction. That section states "[a]n action or proceeding falling under the New York Convention shall be deemed to arise under the the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

Petitioner, INPROTSA, contends this Court does not have original subject matter jurisdiction over its petition to vacate, arguing that § 203 of the Federal Arbitration Act provides for jurisdiction only over petitions to compel arbitration or to confirm an arbitral award, and not over petitions to vacate an arbitral award. In making this argument, Petitioner relies on *Ingaseosas Int'l Co. v. Aconcagua Investing, Ltd.*, No. 09-23078-CIV-HUCK, 2011 WL 500042 at *3 (S.D. Fla. Feb. 10, 2011), where Judge Huck found there was no subject matter jurisdiction over a motion to vacate an arbitral award pursuant to the New York Convention. *Id.* (citing *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 22 (2d Cir. 1997)).

3

The reasoning underlying the *Ingaseosas* decision is that the New York Convention explicitly regulates only two types of proceedings – (1) for an order confirming an arbitration award (9 U.S.C. § 207) and (2) for orders compelling arbitration pursuant to an agreement (9 U.S.C. § 206).

In *Ingaseosas*, the court distinguished *Industrial Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998), where the Eleventh Circuit heard an appeal regarding a motion to vacate an arbitral award pursuant to the Convention. *Ingaseosas* states: "it is evident from the Eleventh Circuit's decision, and the utter absence of discussion regarding its subject matter jurisdiction to hear a motion to vacate pursuant to the Convention, that the Eleventh Circuit's subject matter jurisdiction derived not from the motion to vacate, but from the underlying motion to confirm the arbitral panel's award." *Ingaseosas*, 2011 WL 5000042 at *4 (distinguishing *Industrial Risk Insurers*).

Following *Ingaseosas*[1], however, the Eleventh Circuit in *Costa v. Celebrity Cruises, Inc.*, 470 F. App'x. 726 (11th Cir. 2012) affirmed the district court's denial of a motion to vacate an arbitration award. In the underlying case, *Costa v. Celebrity Cruises, Inc.*, 768 F. Supp. 2d 1237 (S.D. Fla. 2011), Judge Ungaro exercised jurisdiction over a motion to vacate an arbitration award finding the New York Convention and Chapter 2 of the Federal Arbitration Act exclusively govern arbitration between a citizen of the United States and citizens of foreign country. *Id.* (citing 9 U.S.C. § 207). In *Costa*, the district court determined that the only potential grounds for vacating the arbitration award are the seven defenses enumerated in the

---

[1] The Eleventh Circuit affirmed *Ingaseosas* on other grounds, finding that subsequent events made it impossible for the district court to grant effective relief "and thus the case is moot." *Ingaseosas Int'l Co. v. Aconcagua Investing, Ltd.*, 479 F. App'x 955, 958 (11th Cir. 2012). The Eleventh Circuit did not address *Ingaseosas* finding that subject matter jurisdiction was lacking over vacatur actions.

4

New York Convention. Finding none of the defenses applied, Judge Ungaro dismissed the motion to vacate the arbitration award. In a *per curiam* opinion, the Eleventh Circuit affirmed.

Despite *Costa*, the Petitioner INPROTSA is asking this Court to follow *Ingaseosas* and find there is no subject matter jurisdiction to hear a motion to vacate an arbitration award. It seems INPROTSA is asking the Court to split hair – finding jurisdiction is only proper if asked to confirm an award, but not if there is a motion to vacate the same award. INPROTSA also relies on an earlier Eleventh Circuit case, *Czarina LLC v. WF Poe Syndicate*, 358 F.3d 1286 (11th Cir. 2004), which held the New York Convention applied solely to those actions seeking to compel arbitration pursuant to 9 U.S.C. § 206 or to confirm an arbitration award pursuant to 9 U.S.C. § 207. In *Czarina*, however, the party seeking confirmation of the arbitral award failed to present proof of a written arbitration agreement, which was a prerequisite to any action to enforce an arbitral award pursuant to the New York Convention. The Eleventh Circuit found that because a party failed to meet the agreement-in-writing prerequisite, the district court lacked subject matter jurisdiction to enforce the award. *Czarina* does not stand for the limiting proposition that INPROTSA is urging the Court to adopt—that the Federal Arbitration Act only provides original jurisdiction over actions to compel arbitration and actions to confirm arbitration awards under the New York Convention. In *Czarina*, the Eleventh Circuit did not analyze whether a federal court has subject matter jurisdiction under § 203 to adjudicate motions to vacate an arbitration award falling under the Convention.

Many federal courts, including this Court, have found jurisdiction over vacatur actions under § 203 of the New York Convention. *Cvoro v. Carnival Corp.*, 2017 WL 216020 (S.D. Fla. Jan. 17, 2017) (finding vacatur actions are proper under the New York Convention and that a district court has subject matter jurisdiction under 9 U.S.C. § 203 to consider a petition to vacate under the Convention); *Scandinavian Reinsurance Co., Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668

5

F.3d 60, 71 (2d Cir. 2012) ("the district court had subject matter jurisdiction under 9 U.S.C. § 203, which provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the [New York Convention]."); *Oilmar Co., Ltd. v. Energy Transport Ltd.*, No. 03–CV–1121, 2014 WL 8390659, *2 (D. Conn. Oct. 6, 2014) ("Subject-matter jurisdiction is conferred by section 203 of title 9 of the United States Code, which provides federal jurisdiction over actions to confirm or vacate an arbitration award governed by the [New York Convention.]"); *Zurich Am. Ins. Co. v. Team Tankers, A.S.*, No. 13-2945803-CIV, 2014 WL 2945803, *3 (S.D.N.Y. June 30, 2014), *aff'd* 811 F.3d 584 (2d Cir. 2016) ("Federal courts have subject matter jurisdiction over petitions to confirm or vacate awards that are governed by the New York Convention."). Consistent with this precedent, the Court finds there is federal jurisdiction over this petition to vacate, which was removed to this Court and the subsequent cross-petition to confirm the arbitral award.

B. **Cross-Petition to Confirm Arbitral Award**

On December 6, 2016, this Court dismissed the petition to vacate the arbitral award finding that Petitioner did not assert any grounds to vacate a non-domestic arbitration award as set forth in Article V of the New York Convention. The petition was based on Florida law. Although the Court dismissed the petition to vacate the arbitral award, the Court did not explicitly rule on the pending cross-petition to confirm it. INPROTSA appealed the dismissal of the petition to vacate and the Respondent Del Monte sought clarification of the Court's order regarding the cross-petition to confirm. The Court denied the motion for clarification finding the notice of appeal divested it of jurisdiction. The Eleventh Circuit granted a limited remand for the Court to consider the merits of the cross-petition to confirm the arbitral award.

*1. Legal Standard*

To obtain recognition and enforcement of a final arbitration award, Del Monte must supply: (a) the duly authenticated original award or a duly certified copy thereof; (b) the original agreement referred to in article II or a duly certified copy thereof. Art. IV(1), New York Convention. Del Monte provided certified copies of the Final Award and Agreement in its petition to confirm the arbitration award. The Court must "confirm the [Final Award] unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said [New York] Convention" under Article V. 9 U.S.C. § 207; *Indus. Risk Insurers,* 141 F.3d at 1442. Pursuant to the New York Convention, "[r]ecognition and enforcement of the award may be refused, at the request of the party whom it is invoked" if the "recognition or enforcement of the award would be contrary to the public policy" of the country where confirmation is sought. Article V(2)(b), New York Convention.

There is a "high threshold required to overturn an arbitration award under the [New York Convention]." *Sural v. Gov't of Trinidad & Tobago,* No. 15-22825-CIV-MOORE, 2016 WL 4264061, at *5 (S.D. Fla. Aug. 12, 2016). "Because the [Federal Arbitration] Act creates a 'presumption in favor of confirming arbitration awards,' judicial review of arbitral decisions is limited and a court 'must give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *Gerson v. UBS Fin. Serv. Inc.,* No.12-22087-CIV-MORENO, 2012 WL 3962374, *2 (S.D. Fla. Sept. 10, 2012) (internal citations omitted). An arbitral tribunal's findings and rulings "may not be subject to interference" simply because the losing party believes the tribunal reached the wrong result, or even if the tribunal did indeed reach the wrong result. *Chelsea Football Club, Ltd. v. Mutu,* 849 F. Supp. 2d 1341, 1344 (S.D. Fla. 2012). "An arbitrator's result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference.'" *Id.*

7

(quoting *Delta Air Lines v. Air Line Pilots Ass'n, Int'l*, 861 F.2d 665, 670 (11th Cir. 1988)). The Eleventh Circuit has also noted that "'[t]he Convention's public policy defense should be construed narrowly' and applies where enforcement [of] the award 'would violate the forum state's most basic notions of morality and justice.'" *Costa*, 768 F. Supp. 2d at 1241 (quoting *Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier*, 508 F.2d 969, 974 (2d Cir. 1974)).

*2. Summary of the Parties' Positions*

INPROTSA opposes the confirmation of the arbitral award arguing that the underlying premise of the arbitrator's decision is based on fraud. In the agreement, the parties "stipulated" that Del Monte owned the MD-2 pineapple variety. INPROTSA claims it only stipulated to that fact because Del Monte had falsely represented that it owned the MD-2 variety in letters to Costa Rican growers. A year after INPROTSA and Del Monte entered the agreement containing the stipulation, Judge Simonton in litigation between Del Monte and Dole held that Del Monte "knew that it did not have a patent on the MD-2 pineapple." Specifically, Judge Simonton found that the letters were "attempts by Del Monte to mislead growers in Costa Rica and in other places into believing that Del Monte had a United States patent on the MD-2 pineapple when Del Monte knew that it did not have one," and implying it would take legal action to protect the allegedly patented MD-2 pineapples. In this case, INPROTSA claims the arbitration award should not be confirmed because it is based on a stipulation that Del Monte procured through fraud. The arbitral tribunal had the benefit of Judge Simonton's findings in the Del Monte-Dole litigation.

INPROTSA also objects to the confirmation of the arbitral award claiming its due process rights were violated when the arbitrator failed to give probative value to a letter from Fernando Baeza Melendez, a key witness who did not testify before the tribunal. Fernando

8

Baeza Melendez, formerly INPROTSA's general manager, signed the agreement with Del Monte. Baeza's letter to the arbitral tribunal states he was unaware that Del Monte was not the exclusive owner of the MD-2 variety. Rather than rely on Baeza's letter, the arbitrator relied on the other witness testimony in issuing its award.

INPROTSA's final objection is that the award is contrary to notions of justice because it requires INPROTSA to return or destroy INPROTSA's own property. The arbitral tribunal concluded that INPROTSA acquired title to MD-2 seeds that Del Monte had provided over the years pursuant to the parties' agreement.

In response to INPROTSA's allegations of fraud, Del Monte argues the arbitral tribunal specifically held that the parties' agreement was not procured by fraud. Second, Del Monte asserts the arbitral tribunal admitted the Baeza letter into evidence over its objections, but found that the letter lacked probative value and was contradicted by live witness testimony. Third, Del Monte argues the arbitral tribunal's legal conclusion regarding the restrictive convenant does not amount to a violation of public policy. Finally, Del Monte argues that INPROTSA's petition to vacate is time-barred by the three-month statute of limitation imposed by 9 U.S.C. § 12 and therefore, all of INPROTSA's defenses to confirmation are also barred as a matter of law.

### 3. Is INPROTSA's fraud defense a valid public policy defense?

There is no argument that the two-year arbitration process was fraudulent, that the arbitration tribunal acted fraudulently, or that the final award was procured by fraud. Rather, the parties dispute whether the arbitration tribunal addressed the question of whether the parties' underlying agreement was procured by fraud. A review of the arbitration tribunal's decision shows that it addressed the issue. It stated: "there is no evidene of actual conduct by Del Monte toward INPROTSA aimed at fraudulently inducing [INPROTSA] to enter into the Agreement or causing it to accept clauses . . .." Final Award at ¶ 61. The arbitration panel also was aware of

9

the Del Monte-Dole litigation. It stated: "The mere fact that INPROTSA was aware of the Del Monte-Dole litigation while it was deciding to enter or not into the Agreement shows that issues regarding Del Monte's proprietary rights on the MD-2 hybrid were controverted. . . Therefore, Del Monte did not fraudulently misrepresent the exclusive nature of such rights." Final Award at ¶ 51.

INPROTSA is asking this Court to rehash a losing argument before the arbitration panel. Given the legal standard and the summary proceedings to confirm arbitral awards, the Court will not overrule the arbitrator. It is well-settled that limited and circumscribed review of arbitral awards advances the "policy of expedited judicial action because they prevent a party who has lost in the arbitration process from filing a new suit in federal court and forcing relitigation of those issues." *Booth v. Home Publishing, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990). The arbitration panel's consideration and ruling on the merits of INPROTSA's fraud defense does not violate the "most basic notions of morality and justice" requiring this Court to deny confirmation of the arbitral award. The arbitration tribunal ruled on the merits and simply disagreed with INPROTSA that there was fraud in the inducement. To rule otherwise would mean that any losing party raising a fraud defense in an international arbitration, could relitigate the issue in federal court. That certainly violates the presumption in favor of confirming arbitral awards.

   *4. Did the arbitration tribunal's treatment of the letter violate INPROTSA's due process rights?*

INPROTSA argues the award is contrary to public policy because its due process rights were violated when the arbitral tribunal did not attribute probative value to Baeza's letter. INPROTSA elected not to call Baeza as a witness, even though he negotiated and signed the agreement on behalf of the company. The procedural rules governing the arbitration required the parties to file a witness list in advance of the hearing. INPROTSA did not list Baeza. The rules

prohibited parties from submitting witness testimony unless they pre-filed the direct testimony in the form of a signed and sworn witness declaration. Baeza did not sign a witness declaration. All witnesses that presented evidence by way of declaration had to be presented for cross-examination at the final hearing. Baeza was not made available for cross-examination. INPROTSA attached Baeza's letter to another witness' declaration, which was given to the arbitration tribunal with the final pre-hearing brief.

In another procedural order, the arbitral tribunal retained the discretion to decide the admissibility and weight of evidence. At the final hearing, Del Monte objected to the admissibility of the Baeza letter because Baeza was not listed as a witness, did not submit a sworn declaration, and the letter was unsworn and not authenticated. The arbitration tribunal overruled Del Monte's objections and admitted the letter. The arbitral tribunal attributed it no probative value as it conflicted with other witness testimony that was live at the final hearing. Specifically in the arbitral award, the tribunal relied on live testimony from INPROTSA's production manager, Jose Nixon Jimenez Castillo, who said that he was aware of the Del Monte/Dole litigation, which the pineapple industry followed, and that he specifically discussed the litigation with members of INPROTSA's management including Baeza. *See* Arbitral Award at ¶ 51 (D.E. 6-4).

Evidentiary decisions are not grounds to refuse confirmation of an arbitral award under the New York Convention's public policy defense. *See Unrvneshprom State Foreign Econ. Enter. v. Tradeway, Inc.*, No. 95-CV-10278, 1996 WL 107285, at *6 (S.D.N.Y. Mar. 12, 1996) (stating an arbitrator's "refusal to consider evidence of [a party's] counterclaims" does not "satisfy the narrow scope of the Article V(2)(b) defense under the United States public policy."); *see also Costa*, 768 F. Supp. 2d at 1241 ("Erroneous legal reasoning or misapplication of the law is generally not a violation of public policy within the meaning of the . . .Convention.") (quoting

11

*Karaha Bodas Co., LLC v. Perussahaan Pertambanguan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306 (5th Cir. 2004)). The Court will not second-guess the decision of the arbitral tribunal to attribute no probative value to Baeza's letter and overrules INPROTSA's objection on this issue.

### 5. Does the award's requirement that INPROTSA return property violate notions of justice?

INPROTSA argues the award is contrary to "notions of justice" because it requires it to return its property to Del Monte. Although the arbitral tribunal found that INPROTSA had title to the seeds, it required INPROTSA to return or destroy the seeds. In so holding, the arbitral tribunal enforced the agreement's restrictive covenants and found legal "title" irrelevant. The parties contractually agreed to restrict the use of the property, the seeds, regardless of who technically owns them. INPROTSA had agreed to the restrictive covenants in exchange for Del Monte supplying INPROTSA with 61 million scarce MD-2 seeds.

The Court overrules INPROTSA's objection finding that the arbitral tribunal was giving effect to the parties' agreement. Interpreting the language of the agreement's restrictive covenants is within the legal authority of the arbitral tribunal and is not contrary to "notions of justice."

### 6. Does the statute of limitations preclude INPROTSA from opposing the cross-petition to confirm?

Del Monte raises the argument that the statute of limitations precludes INPROTSA from opposing the cross-petition to confirm the arbitral award. Petitioner filed the petition within the three-month window, but Del Monte claims it was not served within that time-frame. 9 U.S.C. § 12 provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

In this case, INPROTSA says it provided notice to the attorney of record, which is sufficient under the Federal Arbitration Act.

The service requirements for a petition to vacate an arbitral award will differ depending on whether the prevailing party is a resident of the district or a non-resident. 9 U.S.C. § 12. Del Monte is a Swiss corporation, with a principal place of business in Monaco. INPROTSA does not dispute that it failed to serve its petition to vacate pursuant to Rule 4, Fed. R. Civ. P., as required by this Court for a "nonresident." *Americatel El Salvador, S.A. de C.V. v. Compania de Telecomunicaciones de El Salvador, S.A. de C.V.*, No. 07-21940-CIV-MORENO, 2007 WL 2781057, *1-2 (S.D. Fla. Sept. 19, 2007) (holding service by FedEx and without a summons was insufficient under 9 U.S.C. § 12 and Rule 4, Fed. R. Civ. P.).

INPROTSA argues that Del Monte, a Swiss corporation with its headquarters in Monaco, is deemed a "resident" under 9 U.S.C. § 12 because it participated in an arbitration final hearing in Miami, Florida, citing *Possehl, Inc. v. Shanghai Hia Xing Shipping*, No. 00-CV-5157, 2001 WL 214234 (S.D.N.Y. Mar. 1, 2001), and *Escobar v. Shearson Lehman Hutton, Inc.*, 762 F. Supp. 461 (D.P.R. 1991). The Court declines to follow *Possehl* and *Escobar*.[2] *See Americatel El Salvador, S.A.*, 2007 WL 2781057 at *1-2; *Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 122, 125-27 (D.D.C. 2010) (despite arbitration being conducted in Washington, D.C., holding that petition to vacate international arbitral award must be served pursuant to Rule 4 to comply with the nonresident provision of 9 U.S.C. § 12); *see also Belz v. Morgan Stanley Smith Barney, LLC*, No. 13-CV-636, 2014 WL 897048, *4-7 (M.D. Fla. Mar. 6, 2014) (holding in a removed case from state court that motion to vacate arbitral award was time-barred due to failure to strictly comply with service

---

[2] Moreover, unlike the adverse party in *Escobar*, which had a subsidiary that conducted regular business in the district, Del Monte does not have a subsidiary in Florida. *Escobar* is, therefore, inapposite.

13

requirements under 9 U.S.C. § 12, and that actual notice through email to counsel was insufficient to cure the defect).

In this case, INPROTSA filed the petition to vacate within the three-month limitations period, but did not timely serve the petition. Having found that INPROTSA failed to effect timely service, the question then is whether the failure to timely serve bars INPROTSA now "from raising the alleged invalidity of the awards as a defense in opposition to a motion . . . to confirm the award." *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989). In *Cullen*, the Eleventh Circuit barred a party opposing confirmation of an arbitral agreement from raising affirmative defenses, where that party failed to move to vacate the award within the limitations period. *Id.* Although INPROTSA filed the petition to vacate within the three-month period limitations period, *Cullen*'s reasoning applies to bar INPROTSA from raising affirmative defenses to the cross-petition for confirmation of the arbitral award.

To summarize the Court's conclusions, INPROTSA's affirmative defenses to confirmation of the arbitral award do not overcome the legal presumption in favor of confirming arbitral awards. Even if the Court were to find INPROTSA's objections meritorious, this Court finds the objections untimely.

DONE AND ORDERED in Chambers at Miami, Florida, this _16_ of May 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record