UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24275-CV-MORENO/LOUIS

INVERSIONES Y PROCESADORA
TROPICAL INPROTSA, S.A.,

    Petitioner,

vs.

DEL MONTE INTERNATIONAL GMBH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY'S FEES

This cause came before the Court upon Respondent's Verified Motion for Attorney's Fees (ECF No. 65). This matter is fully briefed and was referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Federico A. Moreno, United States District Judge (ECF No. 80). Having carefully considered the motion, the record as a whole, and being otherwise fully advised in the premises, the undersigned reports and recommends that Petitioner's Motion be granted in part, as follows.

### I.    BACKGROUND

This case stems from a contract dispute between Petitioner Inversiones y Procesadora Tropical INPROTSA, S.A. ("Inprotsa") and Respondent Del Monte International GMBH ("Del Monte"). Both parties are foreign corporations. The contract at issue entailed an exclusive sales agreement for Inprotsa to sell pineapples originating from Del Monte's seeds. The parties operated under the contract from execution in 2001 until termination in 2013. Post termination,

1

Del Monte suspected Inprotsa of breaching the terms of the contract and, in March 2014, commenced arbitration proceedings before the International Court of Arbitration of the International Chamber of Commerce, pursuant to the arbitration clause in the parties' contract. Arbitration was conducted in Miami, Florida, and in November 2015, the arbitration panel conducted an evidentiary hearing on the merits. On June 10, 2016, the arbitration panel decided in favor of Del Monte. The panel awarded damages in the amount of $26,133,000 to Del Monte and ordered Inprotsa to abide by the terms of the contract and return or destroy the remainder of Del Monte's seeds and fruits from its plantation in Costa Rica. The panel dismissed Inprotsa's counterclaims.

On September 9, 2016, Inprotsa filed a petition to vacate the arbitral award (the "Award") in the Eleventh Judicial Circuit Court of Florida. Invoking Florida's Arbitration Code (Fla. Stat. § 682.13), Inprotsa's petition sought vacatur of the Award on the grounds that the tribunal panel exceeded its powers by reaching an interpretation of the contract that was "not rationally derived from the parties' agreement" and was "completely irrational." Inprotsa's petition further averred that the panel ignored Florida law applicable to restrictive covenants and damages; and that it denied Inprotsa of due process by failing to give weight to Inprotsa's defenses and evidence, specifically, a written statement of a witness who was not subjected to cross-examination.

Del Monte timely removed the case to this court, invoking jurisdiction under the New York Convention, 9 U.S.C. § 203, 205. Del Monte shortly thereafter moved to dismiss the complaint, and cross-petitioned to confirm the final arbitral award (ECF No. 6). Del Monte's motion to dismiss attacked the petition for failure to articulate any basis to avoid enforcement of an international arbitration award recognized by the New York Convention. The motion further

challenged the petition as untimely: though filed within 90 days of issuance of the Award, Inprotsa failed to timely serve Del Monte.

Inprotsa moved to remand the matter to state court, arguing that the New York Convention does not recognize an action to vacate an international award and, as such, the Court lacked any basis to exercise subject matter jurisdiction over the dispute. Inprotsa also opposed Del Monte's motion to confirm the Award, arguing that because the underlying contract between the parties was procured by Del Monte's alleged fraud, the Award based thereon was against the public policy of the United States. Inprotsa further alleged that the panel had violated its due process rights by informing the parties prior to the evidentiary hearing that it would admit the statement of Inprotsa's witness, only to then afford it no weight, without giving Inprotsa the opportunity to seek alternative evidence to admit on the same issue. Inprotsa's defenses to confirmation were, in sum, premised on the same alleged errors or misconduct that support its petition to vacate.

On December 24, 2016, the Court granted Del Monte's motion to dismiss the petition to vacate. Following Eleventh Circuit precedent, the Court recognized that the sole grounds to challenge an international arbitration award are codified in the New York Convention. *See Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998). The Award at issue is undisputedly international, not domestic; both parties are foreign corporations and the Award involves property located abroad, and anticipates performance or enforcement abroad (ECF No. 24). Because Inprotsa's Petition failed to advance any recognized defenses under Article V of the New York Convention, the Court granted Del Monte's motion to dismiss.

The litigation did not end there. Inprotsa noticed its appeal of the Court's order to the Eleventh Circuit the next day. Del Monte moved for clarification of the order to determine whether the Court, which had denied all remaining motions as moot, intended to grant or deny Del Monte's motion to confirm the Award. Del Monte also cross-appealed the order on the motion to dismiss, challenging the failure to explicitly grant its motion to confirm the Award. Following the Court's denial of Del Monte's motion for clarification in light of the appeal, Del Monte moved in the appellate court for limited remand, which the appellate court granted.

On remand, the Court granted Del Monte's cross-petition to confirm the arbitral award (ECF No. 47). In its Order, the Court framed the issues as: (1) whether the Court had jurisdiction over the dispute; (2) whether the motion to confirm should be granted on the merits; and (3) whether Inprotsa had timely asserted its defenses to confirmation. The Court determined that it had subject matter jurisdiction over the dispute, relying on the Eleventh Circuit's recent decision in *Costa v. Celebrity Cruises, Inc.*, 470 Fed. Appx. 726 (11th Cir. 2012), which affirmed the dismissal of an action to vacate an international award. Finding no error either with the trial court's exercise of jurisdiction or application of the New York Convention to determine the limited grounds to attack the award, the Eleventh Circuit affirmed, citing its decision in *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte*, 141 F.3d 1434, 1446 (11th Cir. 1998).

Turning to the merits of Del Monte's motion to confirm the Award, the Court observed that Del Monte had satisfied its burden under the New York Convention by filing certified copies of both the Award itself and the underlying agreement to arbitrate. The Court further considered each of Inprotsa's defenses to confirmation. The Court found no merit to Inprotsa's claims of fraud, and further noted that the same arguments had been made to and rejected by the arbitration panel. Similarly, the Court considered Inprotsa's contention that the panel had violated its due

process rights, and upon examination of the entire proceedings, including interim awards, determined no such violation had occurred. Finally, the Court rejected Inprotsa's argument that the panel had exceeded its powers in fashioning relief to include destruction of the contested property, which the Court noted was based on the panel's enforcement of the parties' contract and within its authority.

Having disposed of Inprotsa's defenses on their merits, the Court further held that they were not timely raised. By failing to perfect service upon Del Monte within three months of the final Award, Inprotsa failed to preserve its affirmative defenses to confirmation of the Award. The Court thus ruled in Del Monte's favor on all three issues presented.

Still this was not the end. Inprotsa noticed its appeal on both the Court's orders to dismiss and to confirm the Award. Del Monte moved for entry of final judgment and, following its entry, filed the instant motion for attorney's fees. The parties requested bifurcation of the issue of entitlement from question of amount to be award. Because the undersigned recommends granting the motion on entitlement, the parties should be invited to submit supplementation on evidence of amount.

## II.   SANCTIONS ARE WARRANTED

Del Monte seeks attorney's fees under the Court's inherent authority, as articulated in *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006); and alternatively, 28 U.S.C. § 1927. Del Monte claims entitlement to attorney's fees because Inprotsa's grounds both to seek vacatur and defeat confirmation of the award were baseless and brought in bad faith. Del Monte's motion contends that Inprotsa's challenge to the arbitration award warrants imposition of sanctions because Inprotsa refused to withdraw its petition to vacate upon receipt of Del Monte's motion to dismiss, which cited clear and controlling Eleventh Circuit law

5

demonstrating that the petition failed to raise any cognizable basis for vacating the award or challenging the motion to confirm.

In opposition, Inprotsa contends that Del Monte failed to timely file this motion. Inprotsa also asserts that Del Monte has not met its burden to show that Inprotsa or its counsel acted in bad faith because Inprotsa filed its petition in Florida state court, which it claims is not bound by Eleventh Circuit precedent; thus, it appropriately relied on grounds for vacatur in the Federal Arbitration Act as opposed to the New York Convention. Inprotsa also argues that it did not act in bad faith by defending its vacatur petition following Del Monte's removal of the action to this Court because it contends that this Court does not have jurisdiction. Finally, Inprotsa argues that sanctions pursuant to 28 U.S.C. § 1927 cannot be based on the initial pleadings (motion to vacate) or proceedings commenced by Del Monte itself (motion to confirm).

### a. Timeliness of Del Monte's Motion

Petitioner challenges the motion for fees as untimely. Del Monte's motion is governed by Local Rule 7.3(a)(1), which states that a motion for attorney's fees shall "be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." Final judgment was entered on May 17, 2017. Because the 60 day deadline fell on a Sunday, Del Monte timely filed on Monday, July 17, 2017.

Inprotsa contends that Del Monte's motion is time barred, urging the Court to impose the time to file for fees under Federal Rule of Civil Procedure 54. Rule 54 states that a motion for attorney's fees must be filed within 14 days "[u]nless otherwise provided by…order of the court." The Eleventh Circuit has held that the timing of a motion for attorney's fees is governed by the local rule, not the federal rule, because the time limit set out in Local Rule 7.3 is an "order

6

of the court." *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (finding Local Rule 7.3 applies to motion for attorney fees as opposed to Rule 54); *see also Kalifa v. Blue Star Jets, LLC*, No. 11-21999-CIV, 2012 WL 13012747, at *2 (S.D. Fla. Mar. 28, 2012) (applying Local Rule to motion for fees arising from failed motion to vacate arbitration award). To the extent Del Monte's Rule motion is further predicated on 29 U.S.C. § 1927, Rule 54(d)(2)(E) does not apply to such claims. Accordingly, the undersigned finds the motion timely.

Nor did the time to file expire 60 days following the Court's entry of the Order on Del Monte's motion to confirm. Local Rule 7.3(a)(1) states that the movant has 60 days from the final judgment *or* the order giving rise to the claim. The court in *League of Women Voters of Fla. v. Browning* summarizes why Del Monte's motion is timely:

> The defendants' interpretation of Local Rule 7.3(A) would require a litigant to move for interim fees following the issuance of an appealable order giving rise to a right to attorney's fees in every instance in order to avoid forfeiting fees in the event the District Court does not ultimately enter a final judgment in the case. Under the defendants' reasoning, a request for interim attorney's fees would effectively become mandatory following the issuance of every appealable order wherein attorney's fees are recoverable. Instead, the undersigned reads Local Rule 7.3(A) as permitting a prevailing party to move for interim attorney's fees or attorney's fees at the conclusion of the litigation.

No. 06-21265-CIV, 2008 WL 5733166, at *3 (S.D. Fla. Dec. 4, 2008), *report and recommendation adopted as modified*, No. 06-21265, 2009 WL 701107 (S.D. Fla. Mar. 16, 2009). The motion was timely filed.

### b. Entitlement of Attorney's Fees

#### i. The Court's Inherent Authority Under *Hercules Steel*

In *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006), the Eleventh Circuit held that courts' inherent authority to sanction parties and counsel for misconduct extended to issuing sanctions for parties who pursue frivolous challenges to

arbitration awards against them in the court system. In relevant part, the *Hercules Steel* court held:

> When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken. Arbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases. The more cases there are, like this one, in which the arbitrator is only the first stop along the way, the less arbitration there will be. If arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later.
>
> Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions. A realistic threat of sanctions may discourage baseless litigation over arbitration awards and help fulfill the purposes of the pro-arbitration policy contained in the FAA. It is an idea worth considering.

441 F.3d at 913-14. The *Hercules Steel* court declined to impose sanctions, because: (1) there was some authority, albeit weak, to support the plaintiff's arbitration challenge; (2) the opposing party never moved for sanctions; and (3) the plaintiff did not have the benefit of the notice and warning that the *Hercules Steel* opinion now provides. *Id.* at 914.

Following its decision in *Hercules Steel*, the Eleventh Circuit has since imposed sanctions where a party challenging arbitration did so without evidentiary support or controlling authority to support their position, and where the arbitration winner expressly sought the sanctions. *See World Business Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468, 470–71 (11th Cir. 2010). District courts have likewise awarded sanctions following attempts to vacate an arbitration award "without any real basis for doing so." *West Flagler Assocs., Ltd. v. Unite Here Local 355*, 2012 WL 92766, *2 (S.D. Fla. Jan. 11, 2012); *Dunn v. Citigroup Glob. Markets, Inc.*, No. 10-81469-CIV, 2011 WL 13227889, at *4 (S.D. Fla. July 15, 2011).

### ii. Inprotsa's Petition Lacked Any Real Basis For Vacatur.

The petition to vacate did not raise cognizable grounds for vacatur, a conclusion the Court has already reached in its Order on the motion to dismiss. Inprotsa's opposition to the present motion for sanctions reiterates its position that its petition was properly brought under Florida law; that Del Monte's removal was improper; and that the law of the Eleventh Circuit was inapplicable in Florida state court where Inprotsa filed. Again, the Court has considered and ruled upon each of Inprotsa's arguments, unfavorably, in its Order on Del Monte's motion to confirm.

Under very similar circumstances, Judge Marra imposed sanctions against a challenger who, like Inprotsa, initiated its petition to vacate in state court and insisted that its petition was valid under state law. *See Dunn v. Citigroup Glob. Markets, Inc.*, No. 10-81469-CIV, 2011 WL 13227889, at *4 (S.D. Fla. July 15, 2011). The challenger sought vacatur of the award on ground of "manifest disregard of the law," which is not a recognized ground for vacatur under Eleventh Circuit precedent. *See Frazier v. CitiFinancial Corp*. 604 F.3d 1313, 1324 (11th Cir. 2010). Judge Marra rejected the challenger's defense that its petition stated grounds for relief recognized by other forum (Florida and/or New York), and ultimately awarded the defending party $20,667.60.

The same result is warranted here. Whether Inprotsa's petition was decided under the standards established by the Florida Arbitration Code, the Federal Arbitration Act, or the New York Convention, the standard for vacatur is an incredibly high bar for any party to reach. *See Sural (Barbados) Ltd. v. Gov't of the Republic of Trinidad and Tobago*, 2016 WL 4264061, *5 (S.D. Fla. Aug. 12, 2016) (noting the "high threshold required to overturn an arbitration award under the [New York] Convention"); *AIG Baker Sterling Heights, LLC v. American Multi–*

*Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) ("[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is 'among the narrowest known to the law'"). Inprotsa's opposition to the motion to dismiss acknowledged the similarity of standards for vacatur under Florida or federal law, and further summarized its challenge to the Award on the grounds that the split arbitral panel engaged in misconduct and exceeded its powers, citing 9 U.S.C. § 10(3), (4). Assuming Inprotsa traveled under the FAA standard believing in good faith that to be the law, its petition did not approach the standard necessary to upset an arbitration award under those standards.

As noted above and more fully set forth in the Court's order confirming the Award, Petitioner's challenge of the Award was based on the panel's interpretation of the contract, misapplication of Florida law, and evidentiary rulings. Plaintiff's challenge to the Award, in sum, "amounts to little more than an assault on the Tribunal's factfinding and contractual interpretation rather than on its actual authority." *DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12 CIV. 3082 RJS, 2012 WL 3065345, at *3 (S.D.N.Y. July 25, 2012) (denying motion to vacate, confirming award, and awarding fees incurred in litigation). Inprotsa's challenge exemplifies the type of behavior that *Hercules Steel* sanctions are intended to prevent.

The remaining factors required by *Hercules Steel*—notice and express request by the defending party—are also satisfied here. It bears noting that Del Monte's motion to dismiss cited *Hercules Steel* in its opening sentence; Inprotsa has been on notice of Del Monte's intention to seek sanctions since at least that filing (ECF No. 6).

Having determined that Inprotsa's challenge was the kind *Hercules Steel* intended to deter, the Court must still consider whether imposing such sanctions would be equitable. The Court's inherent discretionary powers to award fees are exercised in equity. *See Kalifa v. Blue*

*Star Jets, LLC*, No. 11-21999-CIV, 2012 WL 13012747, at *4 (S.D. Fla. Mar. 28, 2012) (citing *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). Del Monte's demand for over $274,000 in fees seeks recovery for all time incurred in this suit, but Del Monte has most assuredly capitalized on Inprotsa's decision to file. As Inprotsa notes, Del Monte has through this suit pursued discovery and obtained writs of garnishment as a result of its successful confirmation of the Award. Yet on balance, the undersigned finds that equity tips in favor of an award of fees. At the next phase, the parties will have an opportunity to present evidence and argument to aid the Court's determination of what time incurred by Del Monte should be shifted to Inprotsa.

### iii. 28 U.S.C. § 1927

As a secondary basis for attorney's fees, Del Monte invokes 28 U.S.C. § 1927, which states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 is directed at the unreasonable and vexatious multiplication of proceedings." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). "[T]he language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 786 (11th Cir. 2006). Accordingly, the initial pleading of a lawsuit cannot count towards the multiplication of proceedings. The filing of a petition to vacate an arbitration award is considered an initial pleading. *See Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1382 (11th Cir. 1988). Therefore, the Court may only consider actions taken after Inprotsa filed its petition. *See Peer*, 606 F.3d at 1314.

Considering the undersigned's recommendation that the Court award fees as a sanction pursuant to *Hercules Steel*, no additional recommendation is made for fees under Section 1927. As conceded by Del Monte, the initial filing of the petition cannot form the basis for an award of sanctions under this authority. Following the filing of the petition, Inprotsa moved to remand the case, and moved to stay pending a determination on remand. Inprotsa's position on remand had some support, albeit minority, and ultimately the Court distinguished its support in finding jurisdiction was proper in this Court. Though unsuccessful, Inprotsa's efforts in seeking remand were neither vexatious nor in bad faith.

### III.  CONCLUSION

The Eleventh Circuit has provided adequate warning to would-be challengers of arbitration awards in federal court: approach it like an appeal, and you may be required to pay your opponent's legal fees. Inprotsa pursued this challenge without a real basis in fact or law to support its attack. For the foregoing reasons, the undersigned reports and recommends that the Motion (ECF No. 65) be granted in part.

A hearing should be set for the determination of the amount of fees to which Del Monte is entitled. At a status conference conducted before the undersigned on March 2, 2018, the parties indicated they would require four weeks following an order on entitlement to prepare for such hearing. The undersigned further recommends that, at least one week prior to that hearing, the Parties be Ordered to mediate in effort to resolve the fee amount in dispute.

The parties will have until September 14, 2018 to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections by that date shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the Parties from challenging on appeal the District

Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

    **RESPECTFULLY SUBMITTED** this 4th day of September, 2018.

/s/ Lauren Louis
LAUREN LOUIS
United States Magistrate Judge