UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  16-24275-CIV-Moreno/Louis

INVERSIONES Y PROCESADORA
TROPICAL INPROTSA, S.A.,

      Petitioner,

vs.

DEL MONTE INTERNATIONAL GMBH,

      Respondent.

_____/

**RESPONDENT'S MOTION FOR ENTRY OF FINAL JUDGMENT OF
CONTEMPT AND ORDERING ASSIGNMENT OF CONTRACT RIGHTS**

Respondent, DEL MONTE INTERNATIONAL GMBH ("Del Monte"), moves for the entry of a final judgment holding Petitioner, INVERSIONES Y PROCESADORA TROPICAL INPROTSA, S.A. ("INPROTSA" or "Inprotsa"), and its officers, Jorge Luis Gurría Hernández and Manuel Gurría Ordonez (the "Gurrías"), in contempt and ordering the assignment of INPROTSA's rights in the "Fruver Contracts"[1] to Del Monte.

On March 15, 2019, the Court granted Del Monte's Motion for Contempt [ECF 123 (redacted), ECF 137 (unredacted)] and Del Monte's Motion for Proceedings Supplementary [ECF 125 (redacted), ECF 135 (unredacted)].  *See* Order Adopting Magistrate Judge's Report and Recommendation and Notice to Appear  [ECF No. 200].  Despite abundant opportunity to do so, INPROTSA and the Gurrías have failed to show cause (or, indeed, make *any*

_____

[1] "Fruver Contracts" refers to (1) a September 1, 2016 lease of INPROTSA's pineapple farms to Fruver, (2) a September 1, 2016 Pineapple Purchase Agreement between INPROTSA and Fruver, and (3) a September 1, 2016 Agricultural Services Contract between INPROTSA and Fruver.  The Fruver Contracts are filed at ECF 135, Exs. "D", "E", and "F".

showing whatsoever) in the 35 days since the March 15 Order was entered as to why they should not be held in contempt.  Similarly, despite this Court's directive to INPROTSA in its March 15,2019 order "to file an affidavit" stating why its intangible contract rights under the Fruver Contracts should not be assigned to Del Monte or sold at judicial auction, INPROTSA has failed and refused to file anything  A final judgment should, therefore, be entered.

### Memorandum of Law

1.      On March 26, 2018, Del Monte moved to hold INPROTSA and the Gurrías, among others, in contempt ("Motion for Contempt") [ECF 123 (redacted), ECF 137 (unredacted)] for willfully violating the Court's May 17, 2017 Final Judgment [ECF 52] which, inter alia, enjoined INPROTSA from selling MD-2 pineapples derived from Del Monte-supplied MD-2 seeds.[2]

2.      Del Monte also filed on March 26, 2018 a Motion for Proceedings Supplementary [ECF 125 (redacted), ECF 135 (unredacted)] to require the assignment to Del Monte or judicial sale of INPROTSA's interest in the Fruver Contracts in order to reduce the amount owed under the May 17, 2017 Final Judgment.

3.      The Motion for Contempt and Motion for Proceedings Supplementary were referred to Magistrate Judge Louis for a report and recommendation.  [ECF 131].  Following a hearing at which Del Monte, INPROTSA and the Gurrías presented evidence, the Magistrate Judge issued a Report and Recommendation (the "R&R") [ECF 191] on January 24, 2019 finding that INPROTSA made pineapple sales in violation of the Court's injunction, that "Inprotsa's violation

---

[2]  The injunction against sales was first entered on June 10, 2016 by the International Court of Arbitration of the International Chamber of Commerce (the "ICC") in binding arbitration between the parties.  *See* Final Arbitral Award [ECF 6-4].  The ICC Tribunal's rulings, including the entry of the permanent injunction against sales, were adopted by this Court and incorporated into its rulings when it confirmed the Final Arbitral Award on May 2, 2017 [ECF 47], and entered Final Judgment on May 17, 2017 in favor of Del Monte and against INPROTSA "in accordance with the reasons stated in its [Confirmation Order]."  [ECF 52].

of the Award constitutes contempt of the Court's Final Judgment," and recommending that INPROTSA and its officers be held contempt.  R&R, at 21-22.[3]

4.      The Magistrate Judge also recommended that Del Monte's Motion for Proceedings Supplementary be granted and that INPROTSA be ordered to show cause why its rights under the Fruver Contracts should not be assigned to Del Monte or sold at judicial auction.  R&R, at 16.

5.      On March 15, 2019, this Court overruled the parties' objections to the Report and Recommendation and adopted and affirmed the Magistrate Judge's Report and Recommendation on the Motion for Contempt and Motion for Proceedings Supplementary.  *See* Order Adopting Magistrate Judge's Report and Recommendation and Notice to Appear  [ECF No. 200].  The Court thus (1) granted the Motion for Contempt as to INPROTSA and the Gurrías and adopted the Magistrate Judge's certified facts establishing that INPROTSA and its officers had acted in contempt of the May 17, 2017 Final Judgment and (2) ordered INPROTSA "to show cause as to why its intangible contract rights should not be assigned to Del Monte or seized by the U.S. Marshal and sold at judicial auction with the proceeds applied to the Final Judgment."  *Id.*

6.      More than one month has passed since the Court entered its March 15 Order adopting the Magistrate Judge's Report and Recommendation, and despite the Court's clear mandate set forth in the Order, INPROTSA and the Gurrías have failed to show cause why they should not be held in contempt and why INPROTSA's rights under the Fruver Contracts should not be assigned to Del Monte or seized by the U.S. Marshal and sold at judicial auction.  *Indeed, neither INPROTSA nor the Gurrías have made any showing whatsoever since this Court's March*

---

[3]  Based on the evidence before her, the Magistrate Judge certified the following facts:  "From the time the Court entered its Final Judgment, Inprotsa sold fruits harvested from the vegetative material specified in the Award in excess of the 7% cap imposed by the sales injunction.  Inprotsa did not make these sales to Del Monte, the only sales permissible under the terms of the Parties' agreement and the Award."  R&R, at 24-25 (¶ 12) (transcript citations omitted).

*15, 2019 order and have remained utterly silent in the face of the Court's mandate.*

7.      Accordingly, because INPROTSA and the Gurrías have failed to show cause, Del Monte is entitled to the entry of a final judgment holding INPROTSA and the Gurrías in contempt and ordering INPROTSA's rights under the Fruver Contracts to be assigned to Del Monte to reduce the amount owed under the May 17, 2017 Final Judgment.

8.      The final judgment should also include an award of attorneys' fees and costs incurred by Del Monte. *See, e.g., Belize Telecom Ltd. v. Gov't of Belize*, 2005 WL 7858276, *8 (S.D. Fla. Apr. 13, 2005) ("Plaintiffs are entitled to reasonable attorneys' fees and expenses caused by Defendant's contempt."); § 56.29(8), Fla Stat. (in proceedings supplementary, "costs must be taxed against the judgment debtor" and "attorneys' fees may be taxed against the judgment debtor"); § 57.115, Fla. Stat. ("[t]he court may award against a judgment debtor reasonable costs and attorneys' fees incurred thereafter by a judgment creditor in connection with execution on a judgment.").

WHEREFORE, Del Monte respectfully requests the entry of a final judgment in its favor and against INPROTSA, Jorge Luis Gurría Hernández and Manuel Gurría Ordonez in the form attached herewith as Exhibit A, the award of attorneys' fees and costs, and the grant of such other relief as this Court deems just and proper.

Dated:  April 19, 2019

Respectfully submitted,

By: <u>Brian J. Stack</u>
Brian J. Stack, Esq.
Fla. Bar No. 476234
Email:  bstack@stackfernandez.com
Robert Harris, Esq.
Fla. Bar No. 817783
Email:  rharris@stackfernandez.com
Denise B. Crockett, Esq.
Fla. Bar No. 327913
Email:  dcrockett@stackfernandez.com
**STACK FERNANDEZ & HARRIS, P.A.**

5

1001 Brickell Bay Drive, Suite 2650
Miami, Florida  33131
Tel.  305.371.0001

*Attorneys for Respondent, Del Monte*
*International, GmbH*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  16-24275-CIV-Moreno/Louis

INVERSIONES Y PROCESADORA
TROPICAL INPROTSA, S.A.,

     Petitioner,

vs.

DEL MONTE INTERNATIONAL GMBH,

     Respondent.

_____/

## FINAL JUDGMENT

THIS CAUSE is before the Court on Respondent's Motion For Entry of Final Judgment of Contempt and Ordering Assignment of Contract Rights (the "Motion for Final Judgment").  Having reviewed the Motion for Final Judgment and the file, and being fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1.     Respondent's Motion for Final Judgment is hereby granted.  Final Judgment is hereby entered in favor of Del Monte International GmbH ("Del Monte") and against Inversiones y Procesadora Tropical Inprotsa, S.A. ("INPROTSA") and its officers, Jorge Luis Gurría Hernández and Manuel Gurría Ordonez, as set forth herein.

2.     The Court finds that INPROTSA and its officers, Jorge Luis Gurría Hernández and Manuel Gurría Ordonez, acted in willful contempt of the permanent injunction against sales of MD-2 pineapples derived from MD-2 seeds supplied to INPROTSA by Del Monte as set forth in the Final Arbitral Award [ECF 6-4], which Award and injunction were confirmed and adopted in the Court's May 2, 2017 Order Granting Cross-Petition to Confirm the Final Arbitral Award  [ECF 47] and in the Court's Final Judgment dated May 17, 2017 (the "May 17, 2017 Final Judgment") [ECF 52].

3.      As a result of their contempt, INPROTSA and its officers, Jorge Luis Gurría Hernández and Manuel Gurría Ordonez, are hereby ordered to pay to Del Monte:

(a)      the sum of $16,373,684 as a compensatory contempt sanction, which is based on the Magistrate Judge's finding that "[a]ccording to Inprotsa's sales figures, between May 2, 2017 (the date of this Court's confirmation order) and September 30, 2018, Inprotsa's sales revenue was $16,373,684, and was derived from first and second quality pineapples.  This exceeded the 7% cap in violation of the injunction against sales."  Report and Recommendation,  ECF 191, at 25, ¶13;

(b)      the attorneys' fees and costs incurred by Del Monte to file and prosecute the motion for contempt.  *Belize Telecom Ltd. v. Gov't of Belize*, 2005 WL 7858276, *8 (S.D. Fla. Apr. 13, 2005) ("Plaintiffs are entitled to reasonable attorneys' fees and expenses caused by Defendant's contempt."); *U.S. v. Far East Suppliers, Inc.*, 682 F. Supp. 1215, 1216-17 (S.D. Fla. 1988) ("[t]he award of fees and costs is particularly appropriate where the contemptor willfully disregarded a court's order").  Del Monte shall file a motion to determine the amount of fees and costs to be awarded in accordance with Local Rule 7.3; and,

(c)      post-judgment interest in accordance with 28 U.S.C. § 1961.

4.      Del Monte shall recover from INPROTSA, Jorge Luis Gurría Hernández and Manuel Gurría Ordonez, jointly and severally, the total amount awarded in Paragraph 3 above, for which let execution issue forthwith.

5.      INPROTSA is ordered to execute and deliver to Del Monte, within 10 days of this Final Judgment, an unconditional assignment of all of INPROTSA's rights in the following three contracts (referred to collectively as the "Fruver Contracts"): (a) the September 1, 2016 Lease of pineapple farms by INPROTSA to Productora y Exportadora de Frutas Verduras Fruver, S.A. ("Fruver"); (b) the September 1, 2016 Pineapple Purchase Agreement between INPROTSA and Fruver; and (c) the September 1, 2016 Agricultural Services Contract for Planting, Harvesting and

2

Packing "YELLOW" or "GOLDEN" Variety Pineapples on Own and Leased Farms between INPROTSA and Fruver.  The three Fruver Contracts are filed at ECF 135, Exs. "D", "E", and "F". INPROTSA shall remit to Del Monte all payments, monies or fees received by or on behalf of INPROTSA after the date of this Final Judgment that are paid pursuant to or in connection with the Fruver Contracts.  If INPROTSA shall fail to timely execute and deliver to Del Monte an unconditional assignment of all of INPROTSA's rights under the Fruver Contracts as set forth herein, then the Court shall, upon the request of Del Monte, enter an order judicially assigning all of INPROTSA's rights under the Fruver Contracts to Del Monte.

6.      INPROTSA is ordered to pay to Del Monte the attorneys' fees and costs incurred by Del Monte to file and prosecute the Motion for Proceedings Supplementary to Execution [ECF 125 (redacted), ECF 135 (unredacted)].  *See* § 56.29(8), Fla Stat. (in proceedings supplementary, "costs must be taxed against the judgment debtor" and "attorneys' fees may be taxed against the judgment debtor"); § 57.115, Fla. Stat. ("[t]he court may award against a judgment debtor reasonable costs and attorneys' fees incurred thereafter by a judgment creditor in connection with execution on a judgment.").  Del Monte shall file a motion to determine the amount of fees and costs to be awarded in accordance with Local Rule 7.3.

7.      This Court reserves jurisdiction of this cause to enforce the terms of this Final Judgment and to enter such further orders as this Court deems just and proper.

DONE AND ORDERED in Chambers in Miami, Florida, this ____ day of _____, 2019.

_____
Federico A. Moreno
United States District Judge

Copies furnished to all counsel of record

3