UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 16-24275-CIV-Moreno/Louis

INVERSIONES Y PROCESADORA
TROPICAL INPROTSA, S.A., a Costa Rican
Corporation,

      Petitioner,

vs.

DEL MONTE INTERNATIONAL GMBH, a
Swiss Corporation,

      Respondent.
_____/

## PETITIONER'S MOTION TO COMPEL DISCOVERY

Petitioner Inversiones y Procesadora Tropical INPROTSA, S.A. ("INPROTSA") hereby moves for the entry of an Order: (1) compelling the deposition of a designated corporate representative(s) of Respondent Del Monte International GmbH ("Del Monte") who will address the four areas identified in INPROTSA's Notice of Rule 30(b)(6) Deposition; (2) compelling the deposition of Rodrigo Jimenez, or if he is unavailable, striking his declaration; (3) compelling the production of documents identified in INPROTSA's Request for Production of Documents; and (4) enlarging the discovery period commensurate with the delay this dispute will cause.

## INTRODUCTION

In its Response to Del Monte's Motion for Entry of Final Judgment of Contempt and Ordering Assignment of Contract Rights [ECF No. 205], INPROTSA specifically requested that this Court allow for discovery that would assist INPROTSA in its efforts to show cause as to

why it should not be held in contempt because Del Monte suffered no financial harm from INPROTSA's sale of pineapples. The Court granted INPROTSA's request and permitted discovery through August 15. In accordance with that Order, INPROTSA propounded discovery requests to Del Monte with the understanding that Del Monte would cooperate, given the tight window that the Court allowed for discovery to take place.

INPROTSA recently learned, however, that Del Monte is only willing to provide limited information in response to INPROTSA's discovery requests and is unwilling to provide ***any*** information with respect to the contempt issue. Specifically, Del Monte objected to each topic identified in INPROTSA's Rule 30(b)(6) Notice, although it has said it will make its expert, Patrick Gannon, available to testify as to a small portion of one of INPROTSA's four topics. In addition, INPROTSA noticed the deposition of Rodrigo Jimenez, a Del Monte representative who submitted a declaration in support of Del Monte's contempt motion, but Del Monte indicated that it is now unable to make Mr. Jimenez available for deposition, and it will not withdraw his declaration or make an alternative Del Monte representative available to be deposed regarding the matters set forth in Mr. Jimenez's Declaration. Finally, Del Monte is not willing to produce documents pursuant to INPROTSA's June 12, 2019 Request for Production, but instead, only to produce documents that Patrick Gannon relied upon to prepare his Declarations.

INPROTSA needs the requested discovery to show cause why it should not be held in contempt—specifically because Del Monte has not been damaged, which is a key element of a finding of contempt. Del Monte's refusal to cooperate with discovery serves to deprive INPROTSA of the requirements of due process and appears calculated to "run out the clock" on the Court-ordered discovery window.

## FACTUAL BACKGROUND

On March 15, 2019, the Court entered an Order (the "March 15, 2019 Order") [ECF No. 200], providing that "Respondent's Motion for an Order to Show Cause as to why Petitioner should not be held in contempt is GRANTED in part as to Petitioner."[1]  That Order, however, was silent on any deadline for INPROTSA to show cause.  Yet shortly thereafter, Del Monte submitted its Motion for Entry of Final Judgment of Contempt and Ordering Assignment of Contract Rights (the "Motion for Entry of Final Judgment") [ECF No. 201], arguing, among other things, that "Del Monte is entitled to the entry of a final judgment holding INPROTSA . . . in contempt."  Motion for Entry of Final Judgment [ECF No. 201], p. 4.

In its response, INPROTSA specifically requested an opportunity to take discovery relating to why it should not be held in contempt.  INPROTSA stated:

> INPROTSA intends to depose the Costa Rican representatives who presented declarations in support of Del Monte's Contempt Motion.  INPROTSA also intends to provide a damages analysis based on Del Monte's lost profits.  INPROTSA is entitled to rebut Del Monte's improper gross revenues damages analysis, which is based on a misplaced disgorgement theory.  In order to conduct this lost profits analysis, INPROTSA will require Del Monte's business and financial records that will permit INPROTSA to determine Del Monte's lost profits, if any, that were directly caused by the conduct at issue.  Further, if there are no lost profits, there can be no sanctions or sanctions remedy, given that there is no ongoing conduct that can be construed to violate any arbitral award or court order.

Petitioner's Response to Respondent's Motion for Entry of Final Judgment [ECF No. 205], p. 5.

In its reply brief, Del Monte opposed INPROTSA taking *any* discovery of *any* form.  *See* Del

---

[1] In its Notice of Objections to Petitioner's Rule 30(b)(6) Deposition [ECF No. 211], Del Monte conflates the Order to Show Cause with the imposition of sanctions.  The Court has not imposed sanctions on INPROTSA, but instead, has issued an Order to Show Cause.  Although Del Monte cites to the Magistrate Judge's Report and Recommendation ("R&R"), the R&R states that "[t]he Court should order Inprotsa . . . to ***show cause*** why the Court should not hold them in contempt."  R&R, p. 26 (emphasis added).

3

Monte's Reply in Support of Respondent's Motion for Entry of Final Judgment [ECF No. 206], pp. 7-10.

The Court denied Del Monte's Motion for Entry of Final Judgment in its Order Denying Motion for Entry of Final Judgment of Contempt Order to Show Cause and Order Setting Schedule (the "May 20, 2019 Order") [ECF No. 207]. In this Order, the Court granted INPROTSA's request for discovery without limitation, stating: "The Court will then allow the parties to conduct discovery until August 15, 2019." May 20, 2019 Order [ECF No. 207], p. 2. INPROTSA then propounded the following discovery requests to Del Monte: (1) Notice of Rule 30(b)(6) Deposition, attached as Exhibit A; (2) Notice of Taking Deposition of Rodrigo Jimenez,[2] attached as Exhibit B; (3) Notice of Taking Deposition of Respondent's Expert Patrick Gannon,[3] attached as Exhibit C; and (4) Request for Production of Documents, attached as Exhibit D.

Despite the Court's grant of discovery after INPROTSA's specific request, Del Monte has:

1) Objected to all topics included in INPROTSA's Notice of Rule 30(b)(6) Deposition (*see* Respondent's Notice of Objections to Petitioner's Rule 30(b)(6) Deposition Notice to Respondent [ECF No. 211]);

2) Informed INPROTSA that it has no ability to mandate Rodrigo Jimenez's appearance for deposition, and that it will not designate an alternative Del Monte representative to be deposed regarding the matters set forth in Mr. Jimenez's Declaration; and

---

[2] Mr. Jimenez supplied a Declaration in support of Del Monte's contempt motion. *See* ECF No. 137, Ex. A.

[3] Mr. Gannon supplied two Declarations in support of Del Monte's contempt motion. *See* ECF Nos. 136, 179.

4

3) Indicated that it will only produce documents that Mr. Gannon relied upon to prepare his Declarations.

Of note, INPROTSA has fully complied with its discovery obligations over the course of this proceeding. INPROTSA has answered 50 interrogatories and responded to over 100 requests for production of documents propounded by Del Monte, producing over 30,000 documents. In addition, INPROTSA's corporate representative, Jorge Luis Gurria Hernandez, prepared for two weeks for a deposition by Del Monte's lawyers, which lasted for two full days. And Del Monte just propounded two *more* sets of interrogatories and two *more* sets of document requests. It should not be the only party entitled to due process.

## ARGUMENT

### I.   Due Process Requires that INPROTSA Must Be Allowed to Take Discovery on the Issue of Contempt

In the context of civil contempt, due process requires "that the defendant . . . be given a hearing at which he can be represented by counsel, call witnesses, and testify in order to show cause why he should not be held in contempt." *Mercer v. Mitchell*, 908 F.2d 763, 767 (11th Cir. 1990). The discovery that INPROTSA has propounded is intended for that exact purpose—to show cause why INPROTSA should not be held in contempt.

Recognizing the requirement of due process, and pursuant to INPROTSA's request, the Court granted both parties the opportunity "to conduct discovery until August 15, 2019." May 20, 2019 Order [ECF No, 207], p. 2. Yet, Del Monte has objected to INPROTSA's Notice of Rule 30(b)(6) Deposition, arguing that INPROTSA is not entitled to take the noticed deposition on the basis that the identified topics are "irrelevant" because "the Court has imposed sanctions against INPROTSA, including the disgorgement of all sales revenues that INPROTSA 'improperly received as a result of its sales made after the entry of this Court's Final Judgment.'"

5

Respondent's Notice of Objections to Petitioner's Rule 30(b)(6) Deposition [ECF No. 211], pp. 2-4. The Court has not "impose[d] sanctions against INPROTSA," as Del Monte incorrectly assumes. Rather, the Court granted Del Monte's motion for an Order to Show Cause. Consistent with the Court's May 20, 2019 Order and the requirements of due process, INPROTSA has propounded discovery for the specific purpose to obtain information necessary to show cause why it should not be held in contempt.

Del Monte also objects that each topic noticed is "outside the scope of discovery permitted by the Court in its Order Denying Motion for Entry of Final Judgment of Contempt Order to Show Cause and Order Setting Schedule [DE 207], which discovery is limited to proceedings supplementary pursuant to § 56.29, Fla. Stat." *Id.* at 1-3. Yet nowhere did the Court impose any limitations on the scope of discovery.

In addition, although INPROTSA noticed the deposition of Rodrigo Jimenez on June 13, 2019, Del Monte recently informed INPROTSA that it has no ability to mandate Mr. Jimenez's appearance for deposition. Mr. Jimenez submitted a declaration in support of Del Monte's contempt motion. *See* Declaration of Rodrigo Jimenez [ECF No. 137, Ex A]. If Del Monte cannot make Mr. Jimenez available, it should either designate an alternative representative for deposition regarding the matters set forth in Mr. Jimenez's Declaration or withdraw his declaration.

Finally, Del Monte has indicated that it will only produce documents that Mr. Gannon relied upon to prepare his Declarations. Given that INPROTSA's Request for Production of Documents is necessary to show cause why INPROTSA should not be held in contempt, the Court should compel the production of documents identified in Exhibit D.

## II. Del Monte Has Not Offered Any Evidence of Economic Harm

INPROTSA's requested discovery is necessary, for among other reasons, to evidence that Del Monte has not suffered any economic harm from INPROTSA's pineapples sales in Costa Rica, which has ceased as of April 2018. To date, Del Monte has failed to provide *any* evidence that it has suffered any actual losses, as it must do to prevail on its contempt motion. Even in circumstances where a civil contempt award is permissible (unlike here), a compensatory civil contempt sanction ***must*** be based on "evidence the [injured party's] actual loss." *In re Chase & Sanborn Corp.*, 872 F.2d 397, 401 (11th Cir. 1989); *Parisi v. Broward Cty.*, 769 So. 2d 359, 366 (Fla. 2000); *see also United Mine Workers of Am.*, 330 U.S. at 304 ("Such fine must of course be based upon evidence of complainant's ***actual loss***." (emphasis added)); *S. Dade Farms, Inc. v. Peters*, 88 So. 2d 891, 899 (Fla. 1956) ("[T]he history of civil contempt proceedings sustains the conclusion that the power to impose a compensatory fine to the extent of the damages suffered by the injured party . . . .").

Del Monte has not offered any evidence of actual losses related to INPROTSA's alleged violation of the arbitral decision. Del Monte relies solely on Mr. Gannon, who estimates only the total amount of pineapples INPROTSA sold after the award, along with estimated prices for those sales. Mr. Gannon, however, fails to provide any evidence whatsoever that Del Monte suffered any actual harm. Del Monte provides no evidence that it would have earned greater profits if only it had access to the pineapples growing on INPROTSA's relatively small farm or if INPROTSA had somehow destroyed them all immediately. Nor does Del Monte provide any calculation as to what those lost profits might have been. As such, it appears that Del Monte does not, and cannot, show that it would have garnered any additional profit had INPROTSA destroyed its crop earlier or sold it to Del Monte. Nowhere in Del Monte's expert reports,

7

exhibits, or extensive briefing does Del Monte articulate its actual losses, however, likely because it cannot do so. INPROTSA should be afforded the opportunity to confirm this.

Del Monte erroneously maintains that it is entitled to have all funds INPROTSA may have received from selling pineapples disgorged and handed over, but disgorgement is not the measure of Del Monte's damages and such a remedy would be in complete disregard of Florida law, which provides that the only appropriate measure of damages would be Del Monte's lost profits, not INPROTSA's gross revenue. *See HCA Health Servs. of Fla., Inc. v. Cyberknife Ctr. of Treasure Coast, LLC*, 204 So. 3d 469, 472 (Fla. 4th DCA 2016) ("Florida law requires proof of lost profits (income less expense) rather than merely lost gross revenue." (quoting *Del Monte Fresh Produce Co. v. Net Results, Inc.*, 77 So. 3d 667, 673 n.11 (Fla. 3d DCA 2011)).

## **CONCLUSION**

Consistent with due process and this Court's Orders, INPROTSA should be afforded the opportunity to show cause as to why is should not be held in contempt. Discovery is necessary for INPROTSA to show that contempt is not warranted because Del Monte has not suffered any actual damages from INPROTSA's alleged contemptuous actions. Del Monte, however, is attempting to prevent INPROTSA from taking any discovery whatsoever. Given that the Court has ordered a short timeframe for discovery, INPROTSA respectfully requests that the Court enter an Order: (1) compelling the deposition of a designated corporate representative(s) of Del Monte who will address the four areas identified in INPROTSA's Notice of Rule 30(b)(6) Deposition (Exhibit A); (2) compelling the deposition of Rodrigo Jimenez as set forth in Exhibit B, or if he is now truly unavailable, striking his declaration; (3) compelling the production of documents identified in Exhibit D; and (4) enlarging the discovery period commensurate with the delay this dispute will cause.

## LOCAL RULE 7.1 CERTIFICATE

Undersigned counsel certifies that it has conferred with counsel for Respondent regarding the relief requested in this Motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: July 8, 2019.

        Respectfully submitted,

**HOGAN LOVELLS US LLP**
600 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

By: /s/ Richard C. Lorenzo
Richard C. Lorenzo
Florida Bar Number: 71412
richard.lorenzo@hoganlovells.com
Alvin F. Lindsay
Florida Bar Number: 939056
alvin.lindsay@hoganlovells.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 8th day of July, 2019, using the Court's CM/ECF system, which will automatically send notice and a copy of same to all counsel of record.

By: /s/ Richard C. Lorenzo
Richard C. Lorenzo
