UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 16-24275-CIV-MORENO**

INVERSIONES Y PROCESADORA
TROPICAL INPROTSA, S.A., a Costa Rican
Corporation,

                Petitioner,

vs.

DEL MONTE INTERNATIONAL GMBH, a
Swiss Corporation,

                Respondent.

_____/

## <u>ORDER ADOPTING IN PART MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION</u>

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Respondent's Renewed Motion for Judgment of Contempt, filed on **October 11, 2019**. The Magistrate Judge filed a Report and Recommendation **(D.E. 287)** on **July 16, 2020**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED in part** as set forth below. The Court defers ruling on the Magistrate Judge's recommendations regarding the proper award of sanctions until after Petitioner has had an opportunity to show cause as to its noncompliance with this Court's Order Confirming the Arbitral Award and Final Judgment, which were affirmed by the United States Court of Appeals for the Eleventh Circuit. Specifically, the Court defers ruling on the

portions of the Report and Recommendation finding that disgorgement is not a proper sanction for contempt and recommending an award of attorney's fees to Respondent. Accordingly, it is

**ADJUDGED** that the Renewed Motion for Judgment of Contempt is GRANTED in part to the extent it seeks the issuance of an order to show cause and DENIED in part as premature to the extent it seeks an award of sanctions.[1]

## I.  Background and Procedural History

The Court confirmed an arbitral award in this case and entered Final Judgment on May 17, 2017, and the Eleventh Circuit Court of Appeals issued a mandate affirming this Court on May 22, 2019. The confirmed arbitral award included a monetary award and two injunctions: the first required the Petitioner, INPROTSA, S.A., to immediately destroy and or return all MD-2 seeds in excess of 7% of its vegetative material (the "Destruction Injunction") and the second required Petitioner, INPROTSA, if it elected not to return or destroy the seeds, to only sell those pineapples derived from those seeds to Del Monte (the "Sales Injunction"). Although this Court entered Final Judgment on May 17, 2017, INPROTSA did not immediately destroy or return the seeds and continued cultivating and harvesting pineapples as enjoined until at least April 2018.

In March 2018, Del Monte moved for an entry for an order to show cause why Inprotsa should not be held in contempt. The Court reviewed the motion along with a motion for proceedings supplementary. The Magistrate Judge conducted an evidentiary hearing and issued a Report and Recommendation (D.E. 191), which certified facts as to INPROTSA's contempt. On March 18, 2019, the Court adopted that Report and Recommendation and granted the motion for order to show cause, but did not separately issue an order. That is a point of contention now as to

---

[1] Although INPROTSA argues that Respondent's renewed motion for contempt does not explicitly request a show cause order, the Court will treat the motion as requesting whatever relief is necessary to obtain a judgment of contempt. The Court will not hold the lack of an explicit request against Del Monte especially since the Court previously granted its motion for order to show cause, and based on that ruling, the Court finds it appropriate now to issue a separate and distinct order to show cause.

whether the Court has provided INPROTSA with due process before imposing a contempt sanction. In her initial Report and Recommendation dated January 24, 2019, the Magistrate Judge found that INPROTSA continued to sell pineapples to a third-party. The Court adopted that Report and Recommendation in its March 18, 2019 Order finding as follows: 1) the Court denied INPROTSA's Motion for Abstention in favor of the Costa Rican proceedings; 2) the Court granted Del Monte's Motion for an Order to Show Cause as to why Inprotsa should not be held in contempt, but denied it as to third-party Fruver; 3) the Court denied Del Monte's motion for enforcement stating that it would not award Del Monte damages for violations of the arbitral award pre-dating the Court's entry of Final Judgment; and 4) the Court granted Del Monte's motion for Proceedings Supplementary allowing Del Monte to seek the relief, but deferring a decision on the contract rights to summary judgment.

On May 21, 2019, the Court denied the motion for judgment of contempt and ordering assignment of contract rights as premature. The Court ordered Inprotsa to Show Cause why the intangible contract rights should not be assigned to Del Monte. The Court set a schedule for responding to the show cause order and indicated that an evidentiary hearing would be held. At the time, the Court did not issue a separate show cause order on contempt proceedings and joined the two paths for relief that Del Monte sought. The proceedings supplementary ensued pursuant to that order.

On October 11, 2019, Del Monte filed a Renewed Motion for Judgment of Contempt, which was referred to Judge Louis, and is now the subject of the July 16, 2020 Report and Recommendation. At a status conference before Judge Louis on March 12, 2020, the Magistrate Judge asked INPROTSA's counsel what steps he viewed as necessary to afford INPROTSA due process as it related to the issue of contempt. INPROTSA requested an opportunity for a hearing

and an additional memorandum. At the time, it did not request a separate order to show cause. Judge Louis granted the request and additional briefing ensued. She conducted an evidentiary hearing in June 2020 and reviewed evidence regarding the appropriate sanctions should this Court find such an award appropriate. At the June 2020 hearing, the parties argued regarding whether a separate order to show cause should issue from this Court.

## II.      Summary of Report and Recommendation

Contempt proceedings and proceedings supplementary are two vehicles through which Del Monte sought relief for violations of the Court's judgment. Although the Court granted motions for orders to show cause as to both, the Court did not issue a separate Order to Show Cause on the contempt issue. Thus, the Court has not yet issued a formal order to show cause as to why INPROTSA should not be held in contempt for violating the Court's final judgment by continuing to sell pineapples that resulted from Del Monte seeds above 7% between May 2017 and April 2018.

The Magistrate Judge recommends that the Court issue an Order to Show Cause *now* as to why INPROTSA should not be found in contempt for the violation. Notwithstanding INPROTSA's representations at the March 12, 2020, the Magistrate Judge nevertheless recommends the Court enter a distinct Order to Show Cause as to this issue, in addition to the Court's prior orders. She finds that INPROTSA's argument that Del Monte has brought the motion prematurely, before an Order to Show Cause has yet issued, is well-placed. In addition to recommending the Court issue an Order to Show Cause, the Magistrate Judge also conducted an evidentiary hearing to recommend the type of sanctions that would be appropriate if this Court ultimately finds INPROTSA in contempt of Court.

The Report and Recommendation also addresses INPROTSA's argument that there was a legal ambiguity in the Court's order confirming the arbitral award and the Final Judgment as to

4

whether the extraterritorial injunction was enforceable. The Report and Recommendation states that INPROTSA's noncompliance with the Court's judgment was "neither brief nor attributable to an ambiguity in the effect of a stay. . . The judgment and its accompanying injunctions have been affirmed by the Court of Appeals for the Eleventh Circuit. *See Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l, GmbH*, 921 F.3d 1291 (11th Cir. 2019). Therefore, the Magistrate Judge does not recommend a finding that INPROTSA prevail on this defense of contempt.

Next, the Magistrate Judge examines INPROTSA's factual defense that it lacked the ability to comply with the destruction injunction because such large destruction of agriculture would be against Costa Rican law. The Report notes the testimony of INPROTSA's President Jorge Luis Gurria Hernandez, who explained that INPROTSA needed to make the sales notwithstanding the injunction and justified doing so because the confirmation proceedings were then stayed in courts in Costa Rica and pending on appeal here. She finds the inability to destroy the plants is not a defense to INPROTSA's failure to abide by the related sales injunction – that it sell the resulting pineapples to no one other than Del Monte. She adds that "[s]imply because there was a pending appeal to the Eleventh Circuit and a stay in Costa Rica is unavailing . . . INPROTSA has advanced no evidence that it acted diligently in attempting to destroy the pineapples or sell them to Del Monte, in fact the opposite has been shown: INPROTSA knew of the injunctions, knew that it had been ordered to destroy the pineapples or sell them only to Del Monte, and chose instead to farm them as it normally would and sell them to third party Fruver, in the hopes that it would win at the appellate level." Therefore, she concludes that this argument lacks merit and does not preclude this Court from issuing an order to show cause.

Finally, the Magistrate Judge examines the potential remedies in the even the Court decides to sanction INPROTSA. If this Court finds INPROTSA fails to show cause as to why it should not be found in contempt, the Magistrate Judge does not agree that a disgorgement of INPROTSA's gross revenue during the relevant time period would be the correct measure of damages. Rather, she recommends the Court find the correct measure of damages is the actual damages caused to Del Monte. She states that Del Monte did not provide evidence that it suffered a loss of profits, loss of revenues, or otherwise had its business affected.

While the Magistrate Judge finds disgorgement is not an appropriate remedy, she recommends the Court find that Del Monte is entitled to attorney's fees should the Court find INPROTSA fails to show cause. The facts that she certified in her January 24, 2019 Report, which this Court adopted, establish that INPROTSA did not stop selling the MD-2 pineapples until April 2018, after Del Monte had filed its motion for contempt. She finds the motion was successfully ended the contemptuous behavior. After determining the relevant period for which Del Monte is entitled to fees, she recommends the appropriate sum to be awarded to be $204,958.

### III.   Objections

Both sides filed objections to the July 16, 2020 Report and Recommendation. The first issue for the Court to resolve is the necessity of issuing an order to show cause. The second issue is whether the Court has jurisdiction to find INPROTSA in contempt given the basis of the request is its noncompliance with an extraterritorial injunction. Third, should the Court find INPROTSA fails to show cause as to why it should not be found in contempt, the parties disagree as to the appropriate sanction. Del Monte objects to the Magistrate Judge's recommendation and requests the Court require INPROTSA to disgorge revenues. Finally, INPROTSA objects to the Magistrate Judge's recommendation regarding attorney's fees.

Because this Court finds that an Order to Show Cause is procedurally required, the Court defers ruling on whether disgorgement is appropriate and whether Del Monte is entitled to fees until the INPROTSA has had a formal opportunity to show cause.

    A.   *Order to Show Cause and the Role of the Magistrate Judge*

Del Monte objects to the Report and Recommendation and argues that an order to show cause is unnecessary because the Court already granted the motion for order to show cause and INPROTSA has been given an opportunity to present evidence. The Magistrate Judge's Report and Recommendation disagrees with Del Monte's argument and recommends the Court issue an Order to Show Cause specific as to the contempt proceedings. The Court recognizes that this Court's March 18, 2019 Order could be construed as an Order to Show Cause. That being said, given Del Monte's request for sanctions and the lack of a separate order on the docket, the Court disagrees that the March 18, 2019 order is sufficient to comply with the procedural requirement. To that end, this Court already granted the Motion for the Order to Show Cause, and what is left is simply to issue one ordering INPROTSA to show cause why it should not be held in contempt for violating the Court's final judgment by continuing to sell pineapples that resulted from Del Monte seeds above 7% between May 2017 and April 2018. Once a party meets its burden to show by "clear and convincing evidence that the alleged contemnor violated a court's earlier order," the burden shifts "to the alleged contemnor to produce evidence explaining [its] noncompliance at a show cause hearing." *Peery v. City of Miami*, ___ F.3d___, 2020 WL 5823768, *10 (11th Cir. Oct. 1, 2020)(quoting *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) and *FTC v. Leshin*, 618 F.3d 1221, 1231 (11th Cir. 2010)). Accordingly, the Court now issues the Order to Show Cause.

INPROTSA argues that the Magistrate Judge does not have the authority to conduct an evidentiary hearing regarding contempt. The Report and Recommendation acknowledges that

only the district judge can hold a party in contempt and impose sanctions. It also addresses

INPROTSA's position and finds that 28 U.S.C. § 636(b)(3), known as the "additional duties"

provision authorizes a district court to refer to a magistrate judge "such additional duties as are

not inconsistent with the Constitution and the laws of the United States." *Id.* Section 636(e) of

the Federal Magistrates Act "contemplate[s] a procedure in which the magistrate judge's

certification of facts merely notifies the district court judge of the alleged contempt." *See*

*Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992) (holding that

magistrate judge and the district judge violated § 636(e) because the magistrate judge, having

ordered the alleged contemnor to appear before him to show cause, conducted a hearing where

the parties presented evidence and the magistrate judge declared the party in contempt).

There has not yet been a holding of contempt in this case. The Magistrate Judge

recommends an Order to Show Cause issue based on her certification of the facts. The Court

now issues an Order to Show Cause, which is consistent with both 28 U.S.C. § 636(b)(3) and §

636(e). Moreover, that the Magistrate Judge made a recommendation with regards to the

appropriate remedy for contempt is of no moment, as she has not violated the confines of her role

in making that recommendation, which this Court will decide after INPROTSA responds to the

Court's Order to Show Cause.

    *B.   Jurisdiction*

Although this Court has already found the clear and convincing evidence supports

issuance of an Order to Show Cause, INPROTSA objects to the Report and Recommendation

arguing that the legal standard for civil contempt is not met because the Court lacks jurisdiction

to enforce an extraterritorial injunction. Specifically, INPROTSA argues that the Destruction

Injunction requiring it to return or destroy 93% of Del Monte's plant stock – contained in this

Court's Order confirming the arbitral award and the Final Judgment -- is invalid because the

Court lacks jurisdiction to order INPROTSA to undertake conduct in Costa Rica. As such, INPROTSA argues the Court lacks jurisdiction to find it in contempt. INPROTSA does not contest the validity of the Sales Injunction, the violation of which led INPROTSA to gain $16,373,684 from sales of pineapples to third-parties.

Before the district court grants a show-cause order, the movant "must first establish by clear and convincing evidence that the alleged contemnor violated a court's earlier order." *Peery*, 2020 WL 5823768, at *10. "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)).

INPROTSA asserts that Magistrate Judge Louis did not sufficiently examine the validity of the extraterritorial injunction, and therefore the clear and convincing standard for contempt is not met and the Court should not issue an Order to Show Cause. INPROTSA adds that the issue is a novel one, and therefore, the clear and convincing standard cannot be met because no party could say with any degree of certainty that a valid order has been violated. Finally, INPROTSA argues that it is beyond this Court's equitable power to grant this form of equitable relief, and therefore, it also lacks the power to confirm an arbitral award that happens to contain that same injunctive relief. These limits on a federal court's equitable power, INPROTSA asserts, are akin to *Mareva* injunctions, which are extraterritorial prohibitive injunctions. In this case, the confirmed arbitral award contained an extraterritorial mandatory injunction requiring INPROTSA to destroy pineapples or to sell any pineapples to the Respondent Del Monte. *See Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999) (describing *Mareva* injunction and stating that a federal court's equitable powers are limited and

it cannot issue a pre-judgment injunction preventing a litigant from dissipating assets worldwide).

The Court has confirmed the arbitral award, which included both the Sales and Destruction Injunctions. The Court entered Final Judgment. At the time, INPROTSA did not challenge the Court's jurisdiction to enter the orders, which were affirmed by the Eleventh Circuit Court of Appeals. *Inversiones y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GmbH,* 921 F.3d 1291 (11th Cir. 2019). Unlike the *Mareva* injunction, the injunctions at issue here are incorporated in the Court's final orders. Moreover, INPROTSA did not raise this jurisdictional argument in the confirmation proceedings, in opposition to the Court entering the Final Judgment, or in the Court of Appeals.[2] INPROTSA raises this argument *now* in the contempt proceedings. In her first Report and Recommendation dated January 24, 2019, the Magistrate Judge addressed the jurisdictional argument, and the Court adopted her report. She found that "[i]ssuing contempt sanctions for violation of this Court's judgment does not, as INPROTSA contends, implicate exercising jurisdiction over foreign parties or assets, and it is without dispute that this Court has jurisdiction over INPROTSA." The Court adopted that recommendation and still agrees it is proper.

INPROTSA's jurisdictional argument is too little too late. It is well-settled that jurisdiction cannot be raised as a defense in a collateral proceeding. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009) ("[T]he practical concern with providing an end to litigation justifies a rule preventing collateral attack on subject-matter jurisdiction."); *Beck v. Boce Gp.*,

---

[2] INPROTSA raised a different jurisdictional argument in the confirmation proceeding. It argued this Court lacked federal subject matter jurisdiction to adjudicate a removed petition to vacate an arbitral award filed in state court. It did not argue this Court lacked jurisdiction to confirm an award with this type of injunctive relief.  As to the injunctive relief that was ordered by the arbitration panel, INPROTSA merely argued that the arbitration award should not be confirmed because requiring INPROTSA to return or destroy the seeds it legally owned is contrary to basic notions of justice.

04-20683-CIV, 2005 WL 8155884, *2, n.3 (S.D. Fla. Jun. 15, 2005) (finding defendants'
argument challenging validity of underlying order "moot" because underlying injunction was
issued by court order and subsequently reaffirmed.).

Specifically, the Magistrate Judge correctly discarded INPROTSA's argument that there
was a legal ambiguity as to whether it was required to comply with the 2017 order confirming
the arbitral award and final judgment. She is correct in finding the judgment and the
accompanying injunctions, both affirmed by the Court of Appeals, were clear and unambiguous.
Moreover, there is also no legal ambiguity as to INPROTSA's obligation to comply with the
Sales Injunction. A violation of the Sales Injunction would suffice to issue the Order to Show
Cause. There is also no legal ambiguity as to INPROTSA's obligation to comply with a
confirmed arbitral award and a final judgment of this Court, which were both affirmed on appeal.
The confirmation of an arbitral award and the conversion to a judgment of this Court allows
parties to enforce awards as if they are civil judgments. *Del Monte Int'l GmbH v. Ticofrut, S.A.*,
No 16-23894-CIV, 2017 WL 2901326, at *5 (S.D. Fla. Jan. 30, 2017). Upon confirmation of the
award, "[t]he judgment so entered [upon confirmation] shall have the same force and effect, in
all respects, as, and be subject to all the provisions of law relating to, a judgment in an action;
and it may be enforced as if it had been rendered in an action in the court in which it was
entered."*Id.* (citing 9 U.S.C. § 13).

Accordingly, the Court's confirmation of the award and its subsequent conversion into a
judgment allows the Court to enforce it. INPROTSA should have complied with the terms and
will now have to show cause as to its noncompliance.  *See M.R.S. Enter., Inc. v. Sheet Metal
Workers' Int'l Ass'n, Local* 40, No. 05-1823-CKK, 2006 WL 2612972, *8 (D.D.C. Aug. 22,
2006) ("An Order enforcing an arbitration award is 'the equivalent of a permanent injunction and

amounted to a final judgment on the merits.' A party subject to such an order has an immediate duty to comply as an appeal does not release the Defendant from complying with an order. . . The Court's Order confirming the arbitration award is enforceable through contempt proceedings."). Accordingly, the Court grants the Order to Show Cause as the certified facts show that INPROTSA did not comply with the Court's judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th of October 2020.

_Federico A. Moreno_

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record